Love Antonio BROOKS, Appellant,

v.

UNITED STATES of America,
Appellee.

Docket No. 03–2277.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2003.

Randall D. Unger, Bayside, NY, for Appellant.

David C. James, Peter A. Norling, Assistant United States Attorneys (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York), NY, NY, for Appellee.

PRESENT: MESKILL, B.D. PARKER, Circuit Judges, and CHIN, District Judge.

## SUMMARY ORDER

Love Antonio Brooks[1] appeals from a

---

1. We note that Petitioner identifies himself as Love "Altonio" Brooks in his filings below and in his brief before this Court. For the purpose of consistency, we use the name supplied in the caption of the case.

judgment of the Eastern District of New York (Charles P. Sifton, *Judge* ) dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2255. The District Court granted a certificate of appealability on the question whether the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is retroactively applicable on collateral review.

Brooks was convicted on various narcotics and related charges and sentenced principally to life in prison plus fifty years. One of the two terms of life in prison to which he was sentenced was for conspiracy to distribute narcotics under 21 U.S.C. § 841(a)(1) that resulted in a statutory maximum sentence of life in prison under Section 841(b)(1)(A)(i), (iii). While his petition for collateral review was pending, Brooks sought leave to amend it to include a claim based on the Supreme Court's then-recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury did not find drug quantity beyond a reasonable doubt. The District Court denied the motion as time-barred, but granted a certificate of appealability "[i]nsofar as there [was] conflicting authority within this circuit" on the question of whether *Apprendi* was retroactively applicable on collateral review. Were *Apprendi* retroactive, the motion to amend would have been timely.

Subsequently, we held in *Coleman v. United States*, 329 F.3d 77, 90 (2d Cir. 2003), that *Apprendi* "announced a rule that is both 'new' and 'procedural,' but not 'watershed,'" and thus was not retroactively applicable on collateral review. As a result, the District Court properly dismissed Brooks's petition.

The judgment of the District Court is **AFFIRMED.**